## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) |  |
| *Plaintiff,* | ) ) |  |
| v. | ) ) | Case No. 20-cv-1797 |
| OFFICE OF THE DIRECTOR OF NATIONAL<br>INTELLIGENCE<br>Washington, DC 20511 | ) ) ) ) |  |
| *Defendant.* | ) ) |  |

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the Office of the Director of National Intelligence under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.     Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant Office of the Director of National Intelligence (ODNI) is an office of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ODNI has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.      Between February and May 2020, American Oversight filed five FOIA requests with ODNI that sought, broadly speaking, records relating to former Acting Director Ric Grenell and his associates, as well as the firing of former Intelligence Community Inspector General Michael Atkinson.

*Decision Memoranda FOIA*

8.      On February 21, 2020 American Oversight submitted a FOIA request to ODNI
seeking the following:

> All decision memoranda, directives, or policy interpretations or
> guidance signed, approved, or otherwise adopted by Acting DNI
> Grenell. This request includes any document establishing,
> modifying, clarifying, or rescinding any DNI or other Intelligence
> Community policy, legal or policy interpretation, or practice,
> whether presented as a memorandum, letter, guidance document, or
> in any other form.
>
> Please provide all responsive records from February 19, 2020,
> through the date the search is conducted.

9.      ODNI acknowledged this request on March 16, 2020 and assigned the request

tracking number DF-2020-00143.

10.     American Oversight has not received any further communications from ODNI

regarding the Decision Memoranda FOIA.

*Atkinson Emails FOIA*

11.     On May 1, 2020, American Oversight submitted a FOIA request to ODNI seeking

the following:

> All email communications (email messages, email attachments,
> complete email chains, and calendar invitations) sent by Acting
> Director of National Intelligence Richard Grenell or senior advisor
> Kash Patel containing any of the following key terms:
>
> i.      Atkinson
> ii.     ICIG
> iii.    "IC IG"
> iv.     "Inspector General"
> v.      "Ukraine whistleblower"
> vi.     "whistleblower complaint"
> vii.    "administrative leave"
> viii.   "admin leave"
>
> American Oversight has limited its request to sent messages of only
> two custodians to reduce the volume of potentially responsive

records. American Oversight still requests complete email chains. So, for example, if Acting DNI Grenell sent a response to an incoming message regarding the subject matter above, the email chain containing the initially received message and the response is responsive to this request.

Please produce all responsive records from February 21, 2020, through April 7, 2020.

12.    ODNI acknowledged this request on May 6, 2020 and assigned the request tracking number DF-2020-00217.

13.    American Oversight has not received any further communications from ODNI regarding the Atkinson Emails FOIA.

*Kash Patel FOIA*

14.    On May 20, 2020, American Oversight submitted a FOIA request to ODNI seeking the following:

1.  All email communications (including messages, attachments, and complete email chains) sent by ODNI Senior Advisor Kash Patel to anyone with an email address ending in .com / .org / .mail / .net / .edu / .us.

    American Oversight has limited its request to sent messages to reduce the volume of potentially responsive records. American Oversight still requests complete email chains. So, for example, if Mr. Patel sent a response to an incoming message received from an email address ending in ".com," the email chain containing the initially received message and the response is responsive to this request.

2.  All calendars or calendar entries for ODNI Senior Advisor Kash Patel, including any calendars maintained on behalf of Mr. Patel.

    American Oversight requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how Mr. Patel allocates his time on agency business.

3.  Any itineraries (or records reflecting itineraries) for ODNI
    Senior Advisor Kash Patel's official government travel,
    including records reflecting the substance of the trips—such as
    email messages, cables, trip agendas, line-by-line schedules, or
    other records reflecting meetings.

4.  All records reflecting actual or projected costs of ODNI Senior
    Advisor Kash Patel's government travel, including air travel,
    lodging, and security expenses for Mr. Patel. All electronic
    travel vouchers, invoices, expense reports, government credit
    card bills, reimbursements related to the trips—including but not
    limited to hotel bills, meals, and other reimbursements related to
    the trip—are responsive to this request.

For all parts of this request, please produce all responsive records
from February 20, 2020, through the date the search is conducted.

For parts 2–4 of this request, we request that calendars and travel
records maintained on both classified and unclassified systems be
produced, as we believe there is likely segregable non-exempt
material maintained on the classified system.

15.    ODNI acknowledged this request on June 11, 2020 and assigned the request

tracking number DF-2020-00241.

16.    American Oversight has not received any further communications from ODNI

regarding the Kash Patel FOIA.

*House Communications FOIA*

17.    Also on May 20, 2020, American Oversight submitted a FOIA request to ODNI

seeking the following:

All email communications (including messages, attachments, and
complete email chains) <u>between</u> (a) ODNI Senior Advisor Kash
Patel or Deputy to the COO Nick Ciarlante and (b) any of the
following individuals (including *but not limited to* at the email
addresses provided):

i.     Rep. Devin Nunes
ii.    Jilian Plank (<u>jilian.plank@mail.house.gov</u>)
iii.   Derek Harvey (<u>derek.harvey@mail.house.gov</u>)
iv.    Jennifer Morrow (<u>Jennifer.morrow@mail.house.gov</u>)

v.      Jack Langer (jack.langer@mail.house.gov)
vi.     Ian Foley (ian.foley@mail.house.gov)
vii.    Anyone else communicating on behalf of Rep. Devin Nunes, including on both his personal staff and his staff for the House Permanent Select Committee on Intelligence (HPSCI), and staff for his campaign
viii.   Anyone communicating from an email address ending in @mail.house.gov
ix.     Sen. Chuck Grassley
x.      Aaron Cummings (aaron_cummings@grassley.senate.gov)
xi.     Jennifer Heins (Jennifer_heins@grassley.senate.gov)
xii.    James Rice (james_rice@grassley.senate.gov)
xiii.   George Hartmann (george_hartmann@grassley.senate.gov)
xiv.    Michael Zona (Michael_zona@grassley.senate.gov)
xv.     Anyone else communicating on behalf of Sen. Grassley, including anyone with an email address ending in @grassley.senate.gov, his staff for the Senate Finance Committee, and campaign staff
xvi.    Sen. Ron Johnson
xvii.   Tony Blando (tony_blando@ronjohnson.senate.gov)
xviii.  Chloe Pickle (chloe_pickle@ronjohnson.senate.gov)
xix.    Courtney Allen Rutland (Courtney_rutland@ronjohnson.senate.gov, Courtney_rutland@hsgac.senate.gov)
xx.     Ben Voelkel (ben_voelkel@ronjohnson.senate.gov)
xxi.    Anyone else communicating on behalf of Sen. Johnson, including anyone with an email address ending in @ronjohnson.senate.gov, and his staff for the Homeland Security Committee
xxii.   Anyone serving on the Senate Homeland Security and Governmental Affairs Committee (HSGAC), including anyone with an email address ending in hsgac.senate.gov
xxiii.  Rep. Jim Jordan
xxiv.   Kevin Eichinger (kevin.eichinger@mail.house.gov)
xxv.    Emma Summers (emma.summers@mail.house.gov)
xxvi.   Jared Dilley (jared.dilley@mail.house.gov)
xxvii.  Ian Fury (ian.fury@mail.house.gov)
xxviii. Anyone else communicating on behalf of Rep. Jordan, including anyone on his personal staff and his staff for the Judiciary Committee
xxix.   Former Rep. Mark Meadows (mark.meadows@mail.house.gov)
xxx.    Ben Williamson (ben.williamson@mail.house.gov)
xxxi.   Kate Morgan (kate.morgan@mail.house.gov)
xxxii.  Eric Heigis (eric.heigis@mail.house.gov)

Please produce all responsive records from February 20, 2020, through the date the search is conducted.

18.     ODNI acknowledged this request on June 11, 2020 and assigned the request tracking number DF-2020-00242.

19.     American Oversight has not received any further communications from ODNI regarding the House Communications FOIA.

*Key Term Emails FOIA*

20.     Also on May 20, 2020, American Oversight submitted a FOIA request to ODNI seeking the following:

All email communications (email messages, email attachments, complete email chains, and calendar invitations) sent by Acting Director of National Intelligence Richard Grenell or Senior Advisor Kash Patel containing any of the following key terms:

i.      Unmasking
ii.     Flynn
iii.    Kislyak
iv.     "Obama people"
v.      Obamagate
vi.     "Ezra Cohen"
vii.    Cohen-Watnick
viii.   Biden
ix.     Burisma
x.      Hunter
xi.     Zelensky
xii.    Giuliani
xiii.   "Blue Star"
xiv.    Telizhenko.
xv.     "declassification review"
xvi.    "Russia investigation"
xvii.   "Russian active measures"
xviii.  "Volume 5"
xix.    Mueller
xx.     "election security"

American Oversight has limited its request to sent messages of only two custodians to reduce the volume of potentially responsive records. American Oversight still requests complete email chains.

So, for example, if Acting DNI Grenell sent a response to an incoming message containing one of the key terms above, the email chain containing the initially received message and the response is responsive to this request.

We request responsive records maintained on both classified and unclassified systems be produced, as we believe there is likely segregable non-exempt material maintained on the classified system. For example, according to public reporting, Acting Director Grenell this month declassified information related to unmasking requests regarding former National Security Advisor Michael Flynn. Therefore we anticipate significant non-exempt materials in response to multiple search terms above.

Please produce all responsive records from February 20, 2020, through the date the search is conducted.

21.     ODNI acknowledged this request on June 11, 2020 and assigned the request tracking number DF-2020-00244.

22.     American Oversight has not received any further communications from ODNI regarding the Key Terms Emails FOIA.

*Exhaustion of Administrative Remedies*

23.     As of the date of this complaint, ODNI has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records ODNI intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

24.     Through ODNI's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

25.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26.     American Oversight properly requested records within the possession, custody, and control of ODNI.

27.     ODNI is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

28.     ODNI has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

29.     ODNI's failure to conduct an adequate search for responsive records violates FOIA and ODNI regulations.

30.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

31.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32.     American Oversight properly requested records within the possession, custody, and control of ODNI.

33.     ODNI is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

34.     ODNI is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

35.     ODNI is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

36.     ODNI's failure to provide all non-exempt responsive records violates FOIA and ODNI regulations.

37.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated:  July 2, 2020                                    Respectfully submitted,

                                                        */s/ Hart W. Wood*
                                                        Hart W. Wood
                                                        D.C. Bar No. 1034361

                                                        AMERICAN OVERSIGHT
                                                        1030 15th Street NW, B255
                                                        Washington, DC 20005
                                                        (202) 873-1743
                                                        hart.wood@americanoversight.org

                                                        *Counsel for Plaintiff*